IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREA THOMPSON, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| CATERPILLAR INC., | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## COMPLAINT

Plaintiff, Andrea Thompson ("Plaintiff"), by and through her attorneys, the Law Offices of Michael T. Smith & Associates, PC, in complaining of the Defendant, Caterpillar Inc. ("Defendant"), states as follows:

## JURISDICTION AND VENUE

1. Plaintiff brings this action against Defendant under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, *et seq.* ("Title VII") and the Civil Rights Act of 1866, 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991 ("Section 1981") for Defendant harassing her and failing to promote her on the basis of her race and sex and in retaliation for engaging in protected activity.

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1331.

3. Venue for this action is proper in the United States District Court for the Central District of Illinois, under 28 U.S.C. § 1391(b)(1)-(2) and (d) because the employment practices hereafter alleged to be unlawful were committed in the Central District of Illinois and because Defendant's contacts are sufficient to subject it to personal jurisdiction in that district.

4. Plaintiff filed a charge against Defendant with the Equal Employment

1

Opportunity Commission (attached as "Exhibit A") and was thereafter sent a notice of right to sue (attached as "Exhibit B"). Plaintiff timely filed a Complaint with the United States District Court for the Central District of Illinois within 90 days of her receipt of the notice of right to sue.

## PARTIES

5. Plaintiff is an adult, female, Black/African-American individual and is a resident of Sun River Terrace, Illinois.

6. At all times relevant, Defendant has been and is a domestic corporation organized under the laws of the State of Illinois, doing business in Illinois.

7. At all times relevant to the allegations herein, Defendant was an "employer" of Plaintiff, and Plaintiff was an "employee" of Defendant, as those terms are defined under Title VII.

## FACTUAL ALLEGATIONS

8. Plaintiff was hired by Defendant on or around February 1, 2022, and began her employment with Defendant approximately three weeks later as a Metal Treatment Specialist.

9. At all times relevant to the allegations herein, Plaintiff met or exceeded Defendant's reasonable performance expectations when such expectations were applied equally to all similarly situated employees, regardless of race, sex, or history of engaging in protected activity.

10. In or around September of 2022, Plaintiff applied for a team lead position that she was well qualified for. Thereafter, Plaintiff was not contacted or interviewed regarding the position.

11. Approximately one month later, Plaintiff learned that the position had been given to a White individual who expressed that he had no interest in the position but took it because "they begged [him]."

12. Plaintiff was the only female, and one of only two Black individuals, who worked in her department of approximately 20 people.

13. Shortly after starting her employment, Plaintiff's non-Black, male supervisors and managers set out on a campaign of harassing and discriminating against Plaintiff.

14. For instance, on a number of occasions, Plaintiff was accused of being responsible for various issues in the workplace that other non-Black males were culpable for, or that no one was culpable for, without conducting a proper investigation, often leading to Plaintiff being issued discipline. Plaintiff's non-Black, male coworkers were not falsely accused of being responsible for issues that they were not responsible for.

15. Despite arguably being the most qualified individual on her shift, Plaintiff was also routinely and unjustifiably closely monitored, micromanaged, and scrutinized by her supervisors and managers while her non-Black, male coworkers did not receive the same treatment.

16. On one occasion, Plaintiff was investigated for breaking into a set of locked drawers. Plaintiff, of course, did not break into the drawers, but during the investigation she was asked several times if she had ever used racial slurs in the workplace. Plaintiff was offended by the repeated questions on this issue as she had never used racial slurs in the workplace and she was not aware of anyone who accused her of using racial slurs.

17. On or around August 21, 2023, Plaintiff was moved to third shift where she was informed that her new manager, Shannon Ziegler, Caucasian male, had told everyone on the shift, "She's not coming to third shift, I don't want her."

18. On Plaintiff's third day working third shift, holes were also poked in a drink that she had placed in the communal fridge. It appeared to Plaintiff and one of her coworkers that the

holes had been created with a knife. Plaintiff is not aware of any of her non-Black, male coworkers having their food or drinks being tampered with.

19. That same day, Plaintiff sent a text message to her supervisor requesting to discuss the treatment she was receiving. She explained that she was being closely monitored, that she felt like she was being "spied on," and that her drink had been tampered with. Plaintiff specifically requested to her supervisor that she have a meeting with human resources regarding her treatment.

20. Instead of arranging for a meeting with human resources, Plaintiff's supervisor and manager approached her to discuss the issue where it was agreed that her drink appeared to be intentionally tampered with, however, no further action was taken. Plaintiff was then asked by her supervisor if she "felt better," to which Plaintiff replied that she did not.

21. On or around August 28, 2023, Plaintiff sent a text message to her supervisor with her availability to meet with human resources. Plaintiff's supervisor replied, "Oh, you still wanted to talk to HR?" Plaintiff responded in the affirmative

22. On or around September 4, 2023, Plaintiff's new supervisor provided her with a note indicating that a telephonic meeting had been scheduled for her with human resources on September 6, 2024. Plaintiff was to receive a phone call from Ashley Scorby, Caucasian female, Human Resources Generalist, at 6:30 a.m., but no call was received.

23. Plaintiff notified her supervisor, who then called Ms. Scorby while Plaintiff was present. Ms. Scorby claimed she was otherwise occupied, and asked if the call could be rescheduled for 8:00 a.m., which was after her shift was over, which Plaintiff agreed to. Ms. Scorby did not call Plaintiff until 9:30 a.m. Ms. Scorby asked if Plaintiff was available to speak, to which Plaintiff said no because she needed to sleep before her class began a few hours later.

Plaintiff requested an in-person meeting, which Ms. Scorby agreed to schedule for September 13, 2023.

24. On September 13, 2023, Plaintiff met with Ms. Scorby and complained of the discriminatory treatment she had experienced before and after moving to third shift. She reported the incidents of being falsely accused for issues that she was not responsible for, being closely monitored, micromanaged, and scrutinized, being implicitly accused of using racial slurs, that she felt like she was being "spied on," that her drink had been tampered with, and of Mr. Ziegler's comment about her coming to third shift. Plaintiff specifically stated that she felt like she was being treated this way because she is Black and because she is a woman.

25. Plaintiff noticed immediately that Ms. Scorby seemed frustrated and annoyed by her complaints. Then and there, without any investigation into Plaintiff's complaints, Ms. Scorby either dismissed, excused, or defended each of the incidents that Plaintiff reported to her.

26. At that time, Plaintiff requested to be moved to a different department. Ms. Scorby finished by saying that she would look into Plaintiff's complaints and get back to her the following week.

27. On September 27, 2023, Plaintiff sent an e-mail to Ms. Scorby stating that it had been two weeks since their meeting but that she had not yet heard from her. Plaintiff requested an update from Ms. Scorby, however, none was ever provided. Plaintiff's supervisor was CC'd on Plaintiff's email to Ms. Scorby and he did eventually arrange for Plaintiff to have a second meeting with Ms. Scorby on October 11, 2023.

28. During the October 11, 2023, meeting, Ms. Scorby again explained away, defended, or excused all of Plaintiff's complaints and advised her that her request to be transferred to a different department was denied.

29. Plaintiff ended the meeting by reiterating that she felt like she had been subjected to a hostile work environment for almost two years. Ms. Scorby told Plaintiff that she would investigate further and provide an update on a later date.

30. On or around December 13, 2023, human resources called a meeting with Plaintiff, not to discuss her complaints, but ask her whether she was speaking poorly about individuals in the workplace.

31. Thereafter, beginning around March 2024 and continuing on through the remainder of her employment with Defendant, the harassment towards continued and she was blamed for issues others were culpable for and issued a string of unwarranted writeups, some of which were for alleged conduct that other non-Black male individuals had committed with impunity.

32. Plaintiff was also the subject of gossip in the workplace, was accused of being a racist, and on two separate occasions, two different White, male coworkers stared directly at Plaintiff while she was working in an intimidating manner, one time for approximately 5 minutes, and another time for approximately 10 minutes.

33. On numerous occasions in or around April 2024, Plaintiff requested refreshment training on various machines and areas within the department, but her requests were unjustifiably denied. Plaintiff is aware of other non-Black, male individuals who received similar training.

34. One of those two same White, male coworkers also unnecessarily turned Plaintiff's music down on multiple occasions without her permission. Many of Plaintiff's coworkers played music while they worked but Plaintiff never observed these two individuals turn any of her non-Black, male coworkers' music down.

35. As a result of the continued harassment Plaintiff experienced, she resigned (was

constructively terminated) from her position in July 2024.

## COUNT I
## (SECTION 1981 – RACE DISCRIMINATION)

36. Plaintiff re-alleges paragraphs 1 through 35 and incorporates them as if fully set forth herein.

37. Section 1981 prohibits discrimination based upon race in the making, performing, modifying, and termination of contracts, including at-will employment contracts.

38. By virtue of Plaintiff's and Defendant's employment relationship, an at-will employment contract was made by and between Plaintiff and Defendant.

39. By its conduct as alleged herein, Defendant discriminated against Plaintiff on the basis of her race when it subjected her to a hostile work environment, failed to promote her, and constructively terminated her employment.

40. As a result of Defendant's actions, Plaintiff has suffered lost wages, other economic losses, and emotional distress.

41. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible race discrimination.

42. Plaintiff demands to exercise her right to a jury trial of this matter.

### RELIEF REQUESTED AS TO COUNT I

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant on Count I and that it:

a) Award Plaintiff equitable/injunctive as appropriate;

b) Award Plaintiff the value of all actual damages proven at trial;

c) Award Plaintiff compensatory damages to make her whole, including but not limited to lost wages and damages for emotional distress;

    d)      Award Plaintiff punitive damages;

    e)      Award Plaintiff reasonable attorney's fees, costs and disbursements;

    f)      Award Plaintiff any other relief this Court deems just and proper.

## COUNT II
## (TITLE VII – RACE DISCRIMINATION)

43.    Plaintiff re-alleges paragraphs 1 through 35 and incorporates them as if fully set forth herein.

44.    Title VII prohibits employers from discriminating against employees based upon race with regards to the material terms and conditions of employment.

45.    By its conduct as alleged herein, Defendant discriminated against Plaintiff on the basis of her race when it subjected her to a hostile work environment and constructively terminated her employment.

46.    As a result of Defendant's actions, Plaintiff has suffered lost wages, other economic losses, and emotional distress.

47.    Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible race discrimination.

48.    Plaintiff demands to exercise her right to a jury trial of this matter.

## RELIEF REQUESTED AS TO COUNT II

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant on Count II and that it:

    a)      Award Plaintiff equitable/injunctive relief as appropriate;

    b)      Award Plaintiff the value of all actual damages proven at trial;

    c)      Award Plaintiff compensatory damages to make her whole, including but not limited to lost wages and damages for emotional distress;

d) Award Plaintiff punitive damages;

e) Award Plaintiff reasonable attorney's fees, costs and disbursements;

f) Award Plaintiff any other relief this Court deems just and proper.

## COUNT III
### (TITLE VII – SEX DISCRIMINATION)

49. Plaintiff re-alleges paragraphs 1 through 35 and incorporates them as if fully set forth herein.

50. Title VII prohibits employers from discriminating against employees based upon sex with regards to the material terms and conditions of employment.

51. By its conduct as alleged herein, Defendant discriminated against Plaintiff on the basis of her sex when it subjected her to a hostile work environment and constructively terminated her employment.

52. As a result of Defendant's actions, Plaintiff has suffered lost wages, other economic losses, and emotional distress.

53. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible sex discrimination.

54. Plaintiff demands to exercise her right to a jury trial of this matter.

### RELIEF REQUESTED AS TO COUNT III

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant on Count III and that it:

a) Award Plaintiff equitable/injunctive relief as appropriate;

b) Award Plaintiff the value of all actual damages proven at trial;

c) Award Plaintiff compensatory damages to make her whole, including but not limited to lost wages and damages for emotional distress;

9

d) Award Plaintiff punitive damages;

e) Award Plaintiff reasonable attorney's fees, costs and disbursements;

f) Award Plaintiff any other relief this Court deems just and proper.

## COUNT IV
## (TITLE VII – RETALIATION)

55. Plaintiff re-alleges paragraphs 1 through 35 and incorporates them as if fully set forth herein.

56. Title VII prohibits employers from engaging in protected activity, such as complaining of race or sex discrimination.

57. Plaintiff engaged in protected activity when she complained of race and sex discrimination as set forth herein.

58. By its conduct as alleged herein, Defendant retaliated against Plaintiff for engaging in protected activity when it subjected her to a hostile work environment and constructively terminated her employment.

59. As a result of Defendant's actions, Plaintiff has suffered lost wages, other economic losses, and emotional distress.

60. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible retaliation.

61. Plaintiff demands to exercise her right to a jury trial of this matter.

**RELIEF REQUESTED AS TO COUNT IV**

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant on Count IV and that it:

a) Award Plaintiff equitable/injunctive relief as appropriate;

b) Award Plaintiff the value of all actual damages proven at trial;

c) Award Plaintiff compensatory damages to make her whole, including but not limited to lost wages and damages for emotional distress;

d) Award Plaintiff punitive damages;

e) Award Plaintiff reasonable attorney's fees, costs and disbursements;

f) Award Plaintiff any other relief this Court deems just and proper.

### COUNT IV
### (SECTION 1981 – RETALIATION)

62. Plaintiff re-alleges paragraphs 1 through 35 and incorporates them as if fully set forth herein.

63. Courts have interpreted Section 1981 as prohibiting employers from retaliating against employees for making internal or external complaints of race discrimination in the making, performing, modifying, and termination of contracts, including at-will employment contracts.

64. By virtue of Plaintiff's and Defendant's employment relationship, an at-will employment contract was made by and between Plaintiff and Defendant.

65. Plaintiff complained of race discrimination as alleged herein.

66. By its conduct alleged herein, Defendant retaliated against Plaintiff for complaining of race discrimination when it subjected her to a hostile work environment and constructively terminated her employment.

67. As a result of Defendant's actions, Plaintiff has suffered lost wages, other economic losses, and emotional distress.

68. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible retaliation.

69. Plaintiff demands to exercise her right to a jury trial of this matter.

## PRAYER FOR RELIEF AS TO COUNT V

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant on Count V and that it:

a) Award Plaintiff equitable/injunctive as appropriate;

b) Award Plaintiff the value of all actual damages proven at trial;

c) Award Plaintiff compensatory damages to make him whole, including but not limited to lost wages and damages for emotional distress;

d) Award Plaintiff punitive damages;

e) Award Plaintiff reasonable attorney's fees, costs and disbursements;

f) Award Plaintiff any other relief this Court deems just and proper.


**ANDREA THOMPSON**

BY:**/s/ Michael T. Smith**
Michael T. Smith
Trial Attorney


Michael T. Smith #6180407IL
Law Offices of Michael T. Smith & Associates, P.C.
3030 Warrenville Road, Suite 450-42
Lisle, Illinois 60532
(847) 450-1103 | (847) 895-0626
Msmith39950@aol.com
Msmithlaw123@gmail.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| **ANDREA THOMPSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| **CATERPILLAR INC.,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**COMPLAINT**

# EXHIBIT A

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| [ ] FEPA [X] EEOC | 440-2024-10562 |

and EEOC

State or local Agency, if any

S.S. No.

**NAME** (Indicate Mr., Ms., Mrs.)
Ms. Andrea A. Thompson

**HOME TELEPHONE** (Include Area Code)

**STREET ADDRESS** / **CITY, STATE AND ZIP CODE**

**DATE OF BIRTH**

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Caterpillar, Inc. | 500+ | (815) 842-6000 l (309) 675-2767 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 1300 4H Park Road | Pontiac, Illinois 61764 | Livingston |

**CAUSE OF DISCRIMINATION BASED ON** (Check appropriate box(es))

[X] RACE  [ ] COLOR  [X] SEX  [ ] RELIGION  [ ] AGE
[X] RETALIATION  [ ] NATIONAL ORIGIN  [ ] DISABILITY  [X] OTHER (Specify) Hostile Work Environment

**DATE DISCRIMINATION TOOK PLACE**
EARLIEST (ADEA/EPA): 5/30/2024
LATEST (ALL): 07/22/2024
[ ] CONTINUING ACTION

**THE PARTICULARS ARE** (If additional paper is needed, attach extra sheet(s)):

I was hired by the Respondent on or around February 1, 2022. I began working for Respondent 3 weeks later. My most recent position was Metal Treatment Specialist.

I have been subjected to a hostile work environment and unfair discipline/treatment due to my race (Black/African-American) and my sex (female). I have complained of my treatment; no sufficient action has been taken to prevent future harassment and the harassment has since worsened. I was denied promotions on multiple occasions, while individuals of other races or sexes were selected for said promotions. I resigned my position (was constructively discharged) on July 8, 2024 due to my unfair treatment. My final day working for Respondent was July 22, 2024.

I believe that I have been subjected to discrimination based on my race and my sex, both in violation of Title VII of the Civil Rights Act of 1964, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their proceedures.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

SIGNATURE OF COMPLAINANT

Date 07/24/2024    Charging Party (Signature)

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year)

EEOC FORM 5 (Test 10/94)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| **ANDREA THOMPSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| **CATERPILLAR INC.,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**COMPLAINT**

# EXHIBIT B

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Chicago District Office
230 S Dearborn Street
Chicago, IL 60604
(800) 669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 10/30/2024

**To:** Ms. Andrea Thompson

Charge No: 440-2024-10562

EEOC Representative and email:   KIMBERLY ENGRAM
Investigator
kimberly.engram@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 440-2024-10562.

On behalf of the Commission,

Digitally Signed By: Amrith Kaur Aakre
10/30/2024

Amrith Kaur Aakre
District Director

Cc:
Amy L Stark
Legal Services Division
100 N. E. Adams St Mail Code 08-AB7310
Peoria, IL 61629

Michael T Smith
Law Offices of Michael T. Smith & Associates
10 N. Martingale Road Suite 400
Schaumburg, IL 60173

Michael T Smith
Law Offices of Michael T. Smith & Associates
10 N. Martingale Road Suite 400
Schaumburg, IL 60173

Please retain this notice for your records.